IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID R. HARDISTER,<br><br>                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of the Social Security<br>Administration,<br><br>                    Defendant. | Case No. 1:21-CV-50 DBP<br><br>MEMORANDUM DECISION AND<br>ORDER GRANTING MOTION FOR<br>ATTORNEY FEES<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Claimant's Motion for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (ECF No. 25.) Plaintiff's Counsel seeks an award of EAJA fees in the amount of $8,556.23 for 33.8 hours of attorney time at the rate of $229.77 per hour, and 7.9 paralegal hours billed at the rate of $100 per hour. (ECF No. 25 p. 3.) An award of expenses in the amount of $17.58 for certified mailing of the Summons and Complaint is also sought. Defendant does not object to an EAJA fee in this case. Rather, Defendant objects to the amount sought in what Defendant characterizes as a routine case. The court agrees that Plaintiff's request is excessive under the circumstances and reduces it as set forth herein.

## BACKGROUND

This case is a relatively straight forward appeal from the denial of Plaintiff's application for "Social Security Disability Insurance benefits and Supplemental Security Income benefits for lack of disability." Compl. p. 1, ECF No. 3. Following the court's granting Plaintiff's *in forma pauperis* request, Plaintiff filed a Complaint asserting three claims. First, Plaintiff alleged the Defendant's decision that he was not disabled is not supported by substantial evidence. Second, Plaintiff avers Defendant's decision that he is not disabled is contrary to the Social Security Act

and regulation. Finally, Plaintiff alleged the office of Commissioner of Social Security is unconstitutional because the President does not have removal power and the ALJ's are not constitutionally appointed. After an extension of time, the Commissioner filed an Answer to the Complaint and the corresponding Administrative Record for this case. The court then entered a scheduling order. (ECF No. 17.)

Plaintiff filed an opening brief on November 17, 2021. (ECF No. 18.) Approximately two months later and following an extension, the Commissioner moved to remand this matter pursuant to Sentence Four of 42 U.S.C. § 405(g) for a new decision. The court granted the motion and neither the Commissioner nor Plaintiff filed any additional briefing. Judgment was entered in favor of Plaintiff and now Claimant seeks EAJA fees.[1]

## DISCUSSION

The Equal Access to Justice Act allows a prevailing party in Social Security cases to seek an award of fees and other expenses. Plaintiff obtained a remand from the court under sentence four of 42 U.S.C. § 405(g). He is therefore a prevailing party for purposes of EAJA. *See Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cri. 2007). Accordingly, Plaintiff is entitled to recover reasonable attorney fees from the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C § 2412(d)(1)(A). The Commissioner does not object to an EAJA fee in this case and there is no argument that its position was substantially justified or that special circumstances apply. Rather Defendant asserts that the fee sought by Plaintiff is unreasonable given the circumstances in this case. Plaintiff filed a Complaint in this matter and an opening brief. Shortly thereafter the Commissioner sought remand.

---

[1] Judgement was entered on January 19, 2022.

The court has discretion to determine what fees are reasonable under the circumstances. The Supreme Court has stated:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.

*Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S. Ct. 1933, 1939–40 (1983). The court is to exclude hours that were not reasonably expended. *See id.* "The burden is not for the court to justify each dollar or hour deducted from the total submitted by counsel. It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986). In exercising the "considerable discretion" this court has in deciding what constitutes a reasonable fee, the Tenth Circuit has directed district courts to heed the caution by the Supreme Court that:

> These statutes were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client. Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws. Hence, if [a plaintiff], find[s] it possible to engage a lawyer based on the statutory assurance that he will be paid a "reasonable fee," the purpose behind the fee-shifting statute has been satisfied.

*Id.* (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098 (1986)).

In the Motion, Claimant seeks an award of EAJA fees in the amount of $8,556.23 for 33.8 hours of attorney time at the rate of $229.77 per hour, and 7.9 paralegal hours billed at the rate of $100 per hour. (ECF No. 25 p. 3.) An amount of $17.58 in expenses for certified mailing of the Summons and Complaint is also sought. Defendant agrees that $17.58 in expenses should

be awarded.[2] The Commissioner, however, challenges the reasonableness of the fees requested, asserting they should be reduced for a routine case where Defendant voluntarily remanded. Specifically, the Commissioner contends (1) the court award no more than 20 hours, which is at the "bottom-end of what is, on average, the total amount of time spent on all tasks in a fully briefed case"; Op. p. 4. (2) the 1.1 hours of attorney time billed for receiving and reviewing the summons, the notice of appearance, two extensions of time, a notice for substitution of counsel, a motion to remand and a two-page answer is excessive; (3) the .5 hours of attorney time claimed for routine tasks of drafting, issuing, and filing the complaint, summons, civil cover sheet and entry of appearance be stricken as these are "clerical tasks that do not require an attorney's skills"; *Id.* at p. 5. and (4) the court reduce the paralegal time of 7.9 hours at the rate of $100.00 per hour also because much of it is on clerical tasks.

The Tenth Circuit has noted that "an hour viewed in isolation may appear to be reasonable, but be unreasonable in the context of the litigation as a whole." *Mares*, 801 F.2d at 1210. The court finds that to be the case in the instant matter.

First, the court agrees that standard clerical tasks are not compensable under the EAJA. *See, e.g., Missouri v. Jenkins by Agyei,* 491 U.S. 274, 288, 109 S. Ct. 2463, 2472 n. 10 (1989) (noting that of "course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Lann v. Colvin,* No. CIV-14-827-R, 2015 WL 8262223, at *1 (W.D. Okla. Nov. 10, 2015) (unpublished) (agreeing that "preparing a summons and cover sheet and verifying service and executing a return of service is clerical work." (citations omitted)), *adopted* 2015 WL 8207431 (W.D. Okla. Dec. 7, 2015); *Rodriguez v. Luchey & Mitchell*

---

[2] The Commissioner notes: "Postage is classified as an "expense" under the EAJA and should be reimbursed to Plaintiff as such." Op p. 3. *See* 28 U.S.C. §§ 1920, 2412(a)(1), (d).

*Recovery Sol., LLC*, No. 12-CV-03035-PAB-KMT, 2013 WL 6068458, at *3 (D. Colo. Nov. 18, 2013) (unpublished) (tasks such as electronic filing are "non-compensable clerical or administrative tasks"). Thus, the court will reduce the .5 hour of attorney time claimed for the issuing, and or filing of the complaint, summons, civil cover sheet and entry of appearance by one half. The court finds the remainder of the time appropriate because the drafting of a complaint is not a clerical routine task, even if at times, it may appear to be a boilerplate complaint. The court will also reduce the claimed paralegal time by one half to account for time expended on clerical tasks such as file maintenance and bookmarking PDF documents. The court therefore will allow 3.95 hours of paralegal time at $100 per hour for a total of $395 and .25 of an hour for drafting the complaint totaling $57.44 in attorney time.

In similar fashion, based on the proceedings in this case, the court agrees with the Commissioner that the "preparation time on the briefing [and other tasks] is considered a bit bloated." *Shelby*, 2017 WL 383352, at *2. The court declines the Commissioner's invitation to simply chop the requested 33.8 hours to 20 hours, which is allegedly at the bottom end of what it takes on average for a fully briefed case. Instead, the court finds a reduction of 25% appropriate based on the issues in the case and the fact that a remand was obtained early in the proceedings. *See id.* (reducing certain fees by 25%). Thus the court will award 25.35 hours of attorney time at the rate of $229.77 per hour for a total of $5,824.67 in EAJA fees.

Finally, Claimant also seeks fees for filing the reply to this motion. "Plaintiff requests an additional 4.9 hours at a rate of $229.77 per hour for a total of $1,125.87." Reply p. 7. The Tenth Circuit has noted that "litigation over attorney fees is singularly unproductive." *Cameron v. Barnhart*, 47 F. App'x 547, 551 (10th Cir. 2002). And the Supreme Court has advised that a "request for attorney's fees should not result in a second major litigation." *Hensley et al. v.*

*Eckerhart et al.*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983). Based on the strong

preferences against litigation over fees, and the fact that this type of litigation does not advance

Plaintiff's case, instead focusing on a form of economic relief to improve the financial lot of an

attorney, *see Mares*, 801 F.2d at 1210, the court reduces this request by 75% for a total of

$282.62.

**ORDER**

IT IS THEREFORE ORDERED that Claimant's Motion for Attorney Fees Pursuant to

the Equal Access to Justice Act is granted as follows:

- $5,824.67 in EAJA fees for attorney time

- $57.44 in attorney time for drafting the complaint

- 3.95 hours of paralegal time at $100 per hour for a total of $395

- $282.62 for filing a reply in support of the motion for EAJA fees

In accordance to the Tenth Circuit Court of Appeals, the award shall be made to Claimant

as the prevailing party and not directly to Claimant's counsel. *See  Manning v. Astrue*, 510 F.3d

1246, 1255 (10th Cir. 2007). In addition, should Claimant's counsel ultimately be awarded

attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to

Claimant. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED.


DATED this 27 June 2022.


_____
Dustin B. Pead
United States Magistrate Judge